UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JEREMY GRANT                              CIVIL ACTION NO. 20-0600

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 7) and an Amended and Supplemental Motion for Summary Judgment (Record Document 14) filed by Detective Taywania Jackson ("Detective Jackson") and the City of Shreveport ("the Defendants"). Plaintiff, Jeremy Grant ("Grant"), opposes each motion. See Record Documents 12 & 16. For the following reasons, the Motions for Summary Judgment are **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about January 6, 2019, Grant was arrested by Detective Jackson and charged with second degree murder of his brother. See Record Document 1-1. Grant was then confined in Caddo Parish Correctional Center and was appointed counsel. On March 18, 2019, a preliminary examination was held by the First Judicial District Court, Caddo Parish, Louisiana, Docket No. 363668, where Judge Charles Tutt found probable cause for Grant's arrest. See Record Document 17. However, on April 24, 2019, the Caddo Parish District Attorney's Office declined to prosecute and dismissed the charges against Grant. On April 25, 2019, Grant was released from custody.

On April 16, 2020, Grant filed the instant suit alleging false imprisonment in violation of his federal Fourth and Fourteenth Amendment rights as well as state law

wrongful arrest, failure to train, and negligent supervision claims. Prior to answering the complaint, the Defendants filed a Motion for Summary Judgment (Record Document 7) followed by an Amended Motion for Summary Judgment (Record Document 14) asserting Grant's claims are precluded, prescribed, and lack factual support. Grant opposes the Motions claiming it was unreasonable for Officer Jackson to arrest him, that the Motions are premature, and that his wrongful arrest claims have not prescribed. See Record Document 12. The Defendants filed a Reply. See Record Document 16.

## LAW AND ANALYSIS

I. **Summary Judgment Standard**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (U.S. 1986) (internal quotations and citations omitted). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." F.R.C.P. 56(e)(3).

If the movant meets this initial burden, the non-movant then has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See Celotex, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (U.S. 1986);

see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d 1069, 1075 (5th Cir. 1994).

## II. Analysis

Addressing first Grant's argument that the Defendants' Motions for Summary Judgment are premature, while a court does have the discretion to dismiss a motion for summary judgment as untimely, the rule itself permits the filing of a motion at any time until 30 days after close of discovery.[1] Based on the points raised by the Defendants, the Court believes these Motions are ripe for ruling.

The Defendants advance three main arguments between their two Motions. First, they argue that Grant's federal false imprisonment and state wrongful arrest claims have prescribed. Second, they contend that Grant is precluded from bringing his false imprisonment and wrongful arrest claims under a theory of collateral estoppel because Judge Tutt found probable cause in his criminal case. Third, they assert that because Judge Tutt found probable cause for Grant's arrest, Detective Jackson acted reasonably in arresting Grant. As result, Grant's failure to train and negligent supervision claims fail.

   a. Prescription

For a section 1983 claim, the statute of limitations is borrowed from the state in which the alleged tort was committed. See Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct.

---

[1] "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

1091, 1094 (2007). Under Louisiana law, Grant's false imprisonment claim is subject to a liberative prescription of one year. See La. C.C. art. 3492. When the prescriptive period commences, however, is a question of federal law. The United States Supreme Court in Wallace v. Kato determined that the statute of limitations on a false imprisonment claim begins to run once the false imprisonment ends or, more specifically, when the victim is held "pursuant to such process" as being arraigned or bound over for trial. Wallace, 549 U.S. at 389, 127 S.Ct. at 1096.

In the present case, Grant asserts his false imprisonment claim did not begin to run until after he was released from prison on April 25, 2019, because he was never formally arraigned. See Record Document 12 at 15. However, as the Defendants point out, Judge Tutt found probable cause for Grant's arrest on March 18, 2019. Following the Supreme Court's reasoning, the alleged false arrest or imprisonment ended once the arrest was found to be supported by probable cause. Grant had one year from March 18, 2019, to bring his federal false imprisonment claim.[2] Because he did not file the claim until April of 2020, his claim has prescribed.

Similarly, Grant's state claim of wrongful arrest has a liberative prescription period of one year which commences on the date of arrest. See La. C.C. art. 3492.[3] Grant was arrested on January 6, 2019. Because Grant failed to file suit before January 6, 2020, the claim has prescribed. In light of the prescription of both the false imprisonment and

---

[2] The Court recognizes that under Louisiana Criminal Procedure, a defendant must be brought before a judge within 72 hours of his arrest See La. C. Cr. P. art. 230.1. Arguably, a defendant's "false imprisonment" ends at the initiation of this proceeding, however, the Court finds here that the probable cause hearing is when Grant's false imprisonment ceased, and his prescriptive period commenced.
[3] Prescription for a delictual action begins to run on the day the injury or damage is sustained.

wrongful arrest claims, the Court sees no need to address whether the doctrine of collateral estoppel is applicable to preclude Grant's claims.

    b. Liability of the City

Turning to Grant's remaining claim, Grant argues that because the City of Shreveport failed to properly train and supervise its employee, Detective Jackson, he suffered constitutional harm. Contrarily, the Defendants believe there is no merit to his claims, reasoning that because Judge Tutt found probable cause, Detective Jackson committed no misconduct for which the City is liable.

Under Louisiana law, to hold an employer liable for the alleged tort of an employee based on the direct negligence of the employer's hiring and supervision requires analysis under the duty-risk framework. See Griffin v. Kmart, Inc., 00-1334 (La. App. 5 Cir. 11/28/00); 776 So.2d 1226, 1231. However, before a court can assess the employer's liability, there must exist an act or omission by the employee that caused damage to the victim. See Stein v. City of Gretna, 17-554 (La. App. 5 Cir. 5/30/18); 250 So.3d 330, 337. Grant argues Detective Jackson committed an act of misconduct when she arrested Grant without probable cause and that no reasonable officer could have deduced probable cause from the totality of his circumstances. According to Grant, Detective Jackson did not interview all individuals potentially involved in the murder and failed to confirm Renatas Thomas's conflicting statements before hastily determining that probable cause existed to arrest. See Record Document 12 at 15, 16.

Put plainly, Grant's claim hinges on whether there was in fact probable cause when he was arrested. The Court believes that question has already been answered by Judge Tutt. The Court agrees with the Defendants that because Detective Jackson's initial

probable cause determination was confirmed by the trial court, she committed no misconduct in violation of Grant's constitutional rights. In the absence of employee misconduct, the City of Shreveport has no liability to Grant. Grant's failure to train and negligent supervision claims are **DISMISSED**.[4]

III. **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment (Record Document 7) and the Amended and Supplemental Motion for Summary Judgment (Record Document 14) are **GRANTED**.

**IT IS FURTHER ORDERED** that this civil action be **DISMISSED.**

A judgment consistent with the terms of the instant Memorandum ruling will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 1st day of March, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Court notes that Grant's original complaint appears to allege vicarious liability on the part of the City. However, as the Defendants point out, the City's liability is more properly termed as direct rather than vicarious. Yet, the Court reaches the same conclusion because of the lack of misconduct by Detective Jackson.